827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Lee PARSONS, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; D.E. Houseworth,
Assistant Director in Charge of Operations; Robin
Pratt, Resident Unit Manager, State
Prison at Jackson, Defendants-Appellees.
 No. 86-1068.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1987.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and WISEMAN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Terry Lee Parsons appeals the district court's dismissal of his civil rights claim in which he alleged that conditions at the State Prison of Southern Michigan violated the eighth amendment prohibition against cruel and unusual punishment.
 
 
 2
 Parsons filed a pro se complaint in April 1985 under 42 U.S.C. Sec. 1983 alleging that he was repeatedly raped and terrorized while an inmate at the prison. Specifically, Parsons charged the Michigan Department of Corrections, the Assistant Deputy Director for Operations of the Bureau of Correctional Facilities, and the Resident Unit Manager of the state prison with deliberate indifference to the dangers resulting from their inability to manage and control the prison. Parsons claimed the Corrections Department failed to promulgate regulations which would adequately protect persons in plaintiff's class who, because of their size and appearance, are especially vulnerable to homosexual attackers. He claimed the department's mismanagement created a pervasive atmosphere of fear and apprehension at the facility and that the attacks and constant threats amounted to cruel and unusual punishment.
 
 
 3
 The district court, reviewing the record de novo, rejected the magistrate's recommendation that the defendants' motion to dismiss be denied. The court stated that Parsons had failed to voice his concern to the prison authorities for five months and that once he had, he had been transferred. Thus, the court found that the defendants' actions did not rise to the requisite level of gross negligence or deliberate indifference.
 
 
 4
 In reviewing an action dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, we are to construe the allegations in the light most favorable to the plaintiff. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir.1983). In this case, Parsons alleged that the prison officials' conduct created an atmosphere of pervasive risk; that he, as a member of a discernible victim class, was at the outset inappropriately assigned to a cell block that put him at greater risk; that he was subjected to homosexual assaults of which the authorities were aware but which were discounted as voluntary liaisons; and that he was not removed from the cell block and placed in protective custody when he first complained to officials but rather was moved to a different cell within the same cell block, albeit in closer proximity to the officers' station.
 
 
 5
 It is appropriate to grant a motion to dismiss when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). After reading the entire record of this case, including interrogatories and other documentation, we find that the plaintiff has pled nothing that would entitle him to the relief he seeks and that the district court's judgment on the pleadings was proper.
 
 
 6
 Accordingly, the decision below is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation